## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

EDWARD P. KERNER,

           Appellant,

      v.

DEPARTMENT OF THE INTERIOR,

           Agency.

DOCKET NUMBER
CH-4324-11-0568-X-1
CH-4324-11-0568-C-1

DATE: September 8, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Glenn L. Smith</u>, Esquire, Grand Rapids, Michigan, for the appellant.

<u>Teresa M. Garrity</u>, Esquire, Fort Snelling, Minnesota, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      On May 28, 2015, the Board found the agency not in compliance with a portion of the Board's August 15, 2013 order, which required the agency to consider the appellant for a Veterans' Recruitment Appointment (VRA) to each of the 22 Criminal Investigator positions for which the appellant applied under vacancy announcement R9-11-397-309-JH. *Kerner v. Department of the Interior*,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

MSPB Docket No. CH-4324-11-0568-C-1, Order (May 28, 2015) (May 28, 2015 Order); Compliance Petition for Review File, Tab 9. For the reasons discussed below, we DISMISS the petition for enforcement as SETTLED.

¶2 In the May 28, 2015 order, the Board found the agency not in compliance because the agency's evidence revealed it incorrectly evaluated the appellant's qualifications for the GS-12 level, rather than the GS-11 level, of the Criminal Investigator position. May 28, 2015 Order, ¶ 14. On July 27, 2015, the agency filed a response to the Board's May 28, 2015 order, which included what the agency believed to be evidence of full compliance. *Kerner v. Department of the Interior*, MSPB Docket No. CH-4324-11-0568-X-1, Compliance Referral File (CRF), Tab 2. On February 4, 2016, the Board issued an order requiring the agency to provide further evidence of compliance. CRF, Tab 4.

¶3 After issuance of the Board's February 4, 2016 order, the parties submitted a document titled "SETTLEMENT AGREEMENT AND RELEASE" signed and dated by the parties on May 4, 2016. CRF, Tab 8. The document provides for, among other things, the withdrawal of the underlying petition for enforcement. *Id.*

¶4 Before dismissing a matter as settled, the Board must decide whether the parties have entered into a settlement agreement, understand its terms, and intend to have the agreement entered into the record for enforcement by the Board. *See Mahoney v. U.S. Postal Service*, 37 M.S.P.R. 146, 149 (1988). We find here that the parties have satisfied these requirements: they have entered into a settlement agreement; they understand the terms; and they want the Board to enforce those terms. CRF, Tab 8 at 4-5.

¶5 In addition, before accepting a settlement agreement into the record for enforcement purposes, the Board must determine whether the agreement is lawful on its face, whether the parties freely entered into it, and whether its subject matter is within the Board's jurisdiction. *See Stewart v. U.S. Postal Service*, 73 M.S.P.R. 104, 107 (1997). We find here that the agreement is lawful

on its face; that the parties freely entered into it; and that the subject matter of the case—the enforcement of the terms in a fully executed settlement agreement entered into the record for purposes of dismissing the underlying petition for enforcement—is within the Board's jurisdiction under 5 C.F.R. § 1201.41(c)(2)(i). Accordingly, we find that dismissal of the petition for enforcement is appropriate, and we accept the settlement agreement into the record for enforcement purposes.[2]

¶6      This is the final decision of the Merit Systems Protection Board in this petition for enforcement. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

---

[2] On March 15, 2016, prior to the submission of the settlement agreement, the parties submitted a Joint Request to Suspend Proceedings to pursue settlement negotiations. CRF, Tab 7. Because we are dismissing this matter as settled, we do not address the parties' request here.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.